AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original  ☒ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
2/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
2/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___bm___ DEPUTY

United States of America

v.

ISIDRO JIMENEZ-IBANEZ,
aka "Isidro Jimenez Ibanez,"
aka "Isiro Jimenez Ibanez,"
aka "Isidro Jimenez"

Defendant(s)

Case No.   2:25-MJ-00680-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 17, 2021 in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 8 U.S.C. §§ 1326(a), ~~(b)(2)~~ | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Marco Perera, Deportation Officer
*Complainant's signature*

Marco Perera, Deportation Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   2/11/2025

*Judge's signature*

City and state:   Los Angeles, California

Hon. Jean Rosenbluth, U.S. Magistrate Judge
*Printed name and title*

AUSA: Cameron C. Vanderwall (x0647)

**AFFIDAVIT**

I, Marco Perera, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against ISIDRO JIMENEZ-IBANEZ, also known as "Isidro Jimenez Ibanez," "Isiro Jimenez Ibanez," and "Isidro Jimenez" ("defendant") charging him with violating Title 8, United States Code, Section 1326(a) Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER PERERA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since May 2016. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office. Before I became an ICE DO, I was employed by the United States

Border Patrol since March 2008. I have experience reviewing immigration files, deportation and removal proceedings, and executed final orders of removal, among other immigration related documents, process, and proceedings.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about September 17, 2021, the ICE National Criminal Analysis and Targeting Center ("NCATC") was assigned a project called "EOIRAgFel," to investigate closed cases in Enforce Alien Removal Module ("EARM") which is a database maintained by ICE. The EARM database is used to monitor illegal aliens in removal proceedings, illegal aliens that have been ordered removed and illegal aliens that have failed to depart and are at large. NCATC conducted a records check and discovered that defendant had multiple arrests and convictions after his last removal from the United States. NACTC forwarded the information to the ICE field office in San Bernardino, California. Defendant is not currently in custody.

5. On or about February 8, 2025, I conducted a criminal records check through the Treasury Enforcement Communication System and discovered defendant was arrested on April 28, 2022 in Riverside County for Assault with a Deadly Weapon in violation of California Penal Code Section 245(a)(4). Defendant was subsequently convicted of this crime by the Superior Court of California, County of Riverside, on or about February 16, 2023.

6. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained

for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

  7. On or about January 31, 2024, I obtained and reviewed DHS A-File A029 276 518 (the "DHS A-File"), which is maintained for the subject alien "ISIDRO JIMENEZ-IBANEZ."  The DHS A-File contained the following documents and information:

    a. One executed Warrant of Removal/Deportation (Form I-205) indicating that defendant was officially removed from the United States on or about March 29, 1995.  I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

    b. A certified conviction record showing that defendant was convicted on or about August 18, 1994,  of possession for sale of a controlled substance, to wit, methamphetamine, in violation of California Health and Safety Code § 11378, in the Superior Court of the State of California, County of Riverside, Case Number ICR20157, for which defendant was sentenced to a total term of 16 months' imprisonment in

3

state prison, which was subsequently suspended and reduced to 365 days.

   c. Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of Mexico. These documents included an Order of the Immigration Judge, dated March 28, 1995, ordering defendant removed to Mexico.

  8. On or about February 8, 2025, I reviewed printouts from the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that defendant had been convicted of the crime reflected on the documents contained in defendant's DHS A-File.

  9. I also obtained and reviewed the Federal Bureau of Investigation ("FBI") Identification Record for defendant. Comparing the data on the CII printout, the FBI Identification Record, the DHS Central Index System ("CIS"), and all of the records contained in defendant's A-File, I found that they all contain the same FBI identification number. Based on this review, I determined that defendant is the same person who incurred the conviction described above and who was ordered deported and/or removed as described in the A-File.

  10. On or about February 8, 2025, I reviewed the printouts of ICE computer indices on defendant. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the

4

United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the dates indicated on the Warrant of Removal/Deportation found in defendant's DHS A-File. The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

    11. Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

//

//

## IV. CONCLUSION

12. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a) Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 11th day of
February 202_.

_(signature)_

HONORABLE JEAN ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE